AO 106 (Rev. 04/010) Application for Search Warrant   AUTHORIZED AND APPROVED/DATE:   Brandon Hale 4/18/2024

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

In the Matter of the Search of )
PROPERTY KNOWN AS: )   Case No: M-24-357-SM
   Apple iPhone Gray/Blue, )
   IMEI 358677233111106 )

## APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed:

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is (*check one or more*):
- ☒ evidence of the crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:

See attached Affidavit of Special Agent Caden Hardin, Federal Bureau of Investigation (FBI), which is incorporated by reference herein.

- ☒ Continued on the attached sheet(s).
- ☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

*Applicant's signature*

Caden Hardin
Special Agent
FBI

Sworn to before me and signed in my presence.

Date: April 19, 2024

City and State: Oklahoma City, Oklahoma

*Judge's signature*
SUZANNE MITCHELL, U.S. Magistrate Judge
*Printed name and title*

## THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Caden Hardin, a Special Agent with the Federal Bureau of Investigation (FBI), Oklahoma City, Oklahoma, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the FBI since January 2021 and have been assigned to the Oklahoma City FBI Field Office. During that time, I have conducted a wide variety of investigations, including cases involving child pornography and sexual exploitation of children.

2. As a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

3. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records. This affidavit is made in support of an application for a warrant to search an electronic device (the DEVICE) collected from the person of David Lee Dezort (hereinafter referred to as SUBJECT) on April 9, 2024, pursuant to a federal search warrant for 3415 Quail Drive, Apartment 9, Woodward, OK 73801 (hereinafter referred to as SUBJECT PREMISES) and a Red Chevrolet Captive, license plate BMU-084 (hereinafter referred to as SUBJECT VEHICLE) issued in the Western District of Oklahoma by United States Magistrate Judge Amanda Maxfield Green, which is described in detail in Attachment A to this affidavit for the items specified in Attachment B hereto, which constitute instrumentalities, fruits, and evidence of violations of 18 U.S.C. § 2252A(a)(5)(B). The DEVICE is in the custody of the FBI, stored in the evidence control room of the Oklahoma City Field Office.

4.      This investigation, described more fully below, has revealed that there is probable cause to believe that the SUBJECT utilized the DEVICE in which he possessed material containing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), There is probable cause to believe that evidence, fruits, and instrumentalities of such violation are located on the DEVICE.

5.      Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant.

## BACKGROUND OF INVESTIGATION

6.      The FBI is conducting a criminal investigation into the SUBJECT.

7.      On or about September 5, 2023, the FBI Oklahoma City Field Office learned that an individual in Louisiana had disclosed information related to a crime in Oklahoma. The FBI New Orleans field office notified the FBI Oklahoma City that Grant Durtschi ("Durtschi"), a subject in New Orleans, disclosed that he photographed minor children. Many of the images were sexually suggestive and involved prepubescent children. Durtschi then sold these photographs on the Internet. Specifically, Durtschi produced photographs of a minor known as "P.J." Many of the photos in P.J.'s collection showed her prepubescent nude genitalia.

8.      On February 6, 2024, I reviewed the images provided by FBI New Orleans that were part of P.J.'s collection, and a few of the files are described herein:

   a.      File Name: 910A1779

   Description: a blonde prepubescent female can be seen standing on a bed with a white comforter and a tan pillow with a flower pattern behind her, looking at the camera. The female is fully nude and genitalia exposed. The female has, what seems to be, a purple-

colored paint around her pubic area to resemble underwear or a bikini bottom. The female also has a pink-colored X drawn from her clavicle area to her breast and covering her nipples.

  b. File Name: 910A0504

Description: In another photo in the collection, a blonde prepubescent female can be observed laying on a bed with a white comforter. The female is wearing a white, button-up blouse with no pants or underwear. The female is using her left hand to grab her left foot, and her genitalia is exposed.

  c. File Name: IMG_8003

Description: Photo of SUBJECT driver's license including SUBJECT full name and date of birth.

9. I have been advised that the Tenth Circuit has looked to six factors from *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), to determine whether images are "lascivious" as used (but undefined) in the child pornography statutes, including:

  a. "whether the focal point of the visual depiction is on the child's genitalia or pubic area;"

  b. "whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;"

  c. "whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;"

  d. "whether the child is fully or partially clothed, or nude;"

  e. "whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;" and

f.   "whether the visual depiction is intended or designed to elicit a sexual response in the viewer," *United States v. Helton*, 302 F. App'x 842, 847–48, (10th Cir. 2008).

10. Under the *Dost* factors, I believe the images from P.J.'s collection are lascivious and constitute child pornography. The minor victim is prepubescent, and her genitalia is the focal point of the photos. She is lying on a bed, in a sexually suggestive manner and setting, and is partially clothed or nude in the photographs. In the nude photographs, she has glow-in-the dark body paint on her breasts and around her genitalia. The photographs show the prepubescent minor in unnatural poses on a bed, which are intended or designed to elicit a sexual response in the viewer.

11. Durtschi maintained a ledger of clients who purchased images from him. Durtschi disclosed to FBI New Orleans that he sold photos from P.J.'s collection to the SUBJECT. For P.J.'s collection, the SUBJECT paid Durtschi approximately $1,465.00 via Venmo using an alias such as "John Nobody."

12. On November 1, 2021, FBI New Orleans received the relevant Venmo records pursuant to a grand jury subpoena. According to Venmo records, from January 2021 through August 2021, "John Nobody," using the email address idiotidiot2@tutanota.com, sent approximately $1,465.00 in total through multiple transactions to Durtschi. Based on the IP addresses of the Venmo transactions involving "John Nobody," the transactions linked back to Taloga, Oklahoma, Seiling, Oklahoma, Fairview, Oklahoma, and Woodward, Oklahoma.

13. On August 23, 2023, law enforcement officers interviewed Durtschi who described the SUBJECT as having incestuous goals, meaning that the SUBJECT wished to have a baby with a woman for the purpose of producing a child with whom he could have sexual relations. Durtschi

also knew that the SUBJECT lived with his parents and worked at a grocery store in Woodward, Oklahoma.

14. Durtschi told law enforcement that he knew the SUBJECT was from Oklahoma because he asked the SUBJECT to provide his driver's license to Durtschi for verification. The address listed on the SUBJECT's driver's license at that time was 310 Hemlock, Woodward, Oklahoma 73801. On February 14, 2024, FBI conducted a database check on the SUBJECT, which showed 310 Hemlock was a prior address associated with the SUBJECT.

15. The National Crime Information Center indicates that the SUBJECT was issued a new Oklahoma driver's license on July 9, 2021, which lists the SUBJECT PREMISES as his address.

16. Law enforcement databases also indicate that the SUBJECT lives with Katrina Taylor ("Taylor"), who appears to be his mother, at the SUBJECT PREMISES.

17. On September 6, 2023, law enforcement conducted an interview of G.K., who is a neighbor of the SUBJECT. In the interview, G.K. stated that he knew the SUBJECT worked at the United Supermarket and had witnessed the SUBJECT coming to and leaving the SUBJECT PREMISES between 12 p.m. and 1 p.m. in a United Supermarket uniform. G.K. stated that it seemed the SUBJECT was on his lunch break.

18. FBI New Orleans also learned that the email address used for Venmo, idiotidiot2@tutanota.com (the "SUBJECT EMAIL ADDRESS"), was associated with the name "John Nobody," who had a date of birth of May 11, 1988, and telephone number of (580) 334-4506. FBI New Orleans linked the telephone number of (580) 334-4506 to the SUBJECT, who also had a date of birth of May 11, 1988.

19. On December 6, 2023, an administrative subpoena was issued to Pioneer Cellular

("Pioneer") for phone number (580) 334-4506, and a return was received on December 12, 2023. Pioneer provided the following subscriber information:

    a. Name: David Lee DeZort Jr.

    b. Address: 3415 Quail Dr., Apartment 9, Woodward, OK

    c. Employer: United Supermarket

    d. Length of Service: May 11, 2006 – September 18, 2023

20. On February 8, 2024, I conducted a postal check with the United States Postal Service ("USPS") on the SUBJECT PREMISES. The postal check was returned on February 8, 2024, stating that the mail carrier does receive mail for the SUBJECT at the SUBJECT PREMISES but does not deliver it due to SUBJECT's name not being on the box.

21. The SUBJECT VEHICLE is registered to "Shawn Taylor," with the SUBJECT listed as the second owner. Further investigation revealed that Shawn Taylor is likely the SUBJECT's sibling or step-sibling. I frequently observed the SUBJECT VEHICLE outside of the SUBJECT PREMISES.

22. On 4/9/2024, the aforementioned federal search warrant was served on SUBJECT PREMESIS, pursuant to a federal search warrant issued in the Western District of Oklahoma, signed by the Honorable Judge Amanda Maxfield Green. The search warrant authorized the seizure of computers, including laptops and smartphones, and to search them for evidence of child pornography crimes.

23. During the course of the search, SUBJECT was detained for officer safety and the DEVICE was removed from his pant pocket in the parking lot of his residence. The DEVICE as then taken as evidence during the search warrant.

24. During the course of the search, SUBJECT was interviewed by law enforcement

personnel. During the interview, SUBJECT admitted to receiving images of pre-pubescent children on DEVICE via a mobile application known as Telegram. Telegram is a mobile-to-mobile messaging app for smartphones, including smartphones like the DEVICE. Subject admitted to being associated with groups in which pictures and videos were shared in a group message. He said some of the pictures and videos were of children engaged in sexual acts or were sexual in nature, with genitalia exposed.

## BACKGROUND ON DIGITAL MEDIA STORAGE DEVICES AND CHILD PORNOGRAPHY

25. The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years. These drives can store thousands of images at very high resolution. Other digital media storage devices (e.g., compact disks, digital video disks, floppy disks, cell phones, smartphones (e.g., iPhones), thumb drives, SD cards, video gaming stations, etc.) can also store tremendous amounts of digital information, including digital video and picture files.

26. As is the case with most digital technology, communications by way of computer can be saved or stored on the computer. Storing this information can be intentional, i.e., by saving an email as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files. Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained indefinitely until overwritten by other

data. Further, even if deleted, forensic examination can sometimes recover files and data including deleted picture files.

27. Computers and other digital file storage devices can store the equivalent of thousands of pages of digital information. Especially when the user wants to conceal criminal evidence, he or she often stores it in random order with deceptive file names. This requires the searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process can take days or weeks depending on the volume of the data stored, and it would be generally impossible to accomplish this kind of data search on site. Furthermore, I know that smart cell phones (a type of "computer," as broadly defined in 18 U.S.C. § 1030(e)) can typically "synch" with a traditional desktop or laptop computer. The purpose of synching a smart phone to a traditional computer is to back up data that is stored on the phone so that it is not permanently lost if the portable smart phone is lost or damaged. Also, smart phone users may move files off the smart phone and onto a computer to free up storage space on the smart phone. Similarly, computer (e.g., desktop computers, smart phones, etc.) users may move files off of one computer onto another computer or digital file storage devices such as an external hard drive to free up space on the computer. Thus, computer users can move digital files (e.g., photos and videos) from one computer to another or store the files on multiple devices simultaneously.

## CONCLUSION

28. Based on the above information, there is probable cause to believe that the foregoing laws have been violated, and that evidence, fruits, and instrumentalities of those offenses are located on the DEVICE.

29. Based upon the foregoing, I respectfully request that this Court issue a search warrant for the DEVICE, described in Attachment A, authorizing the seizure of the items described

in Attachment B to this affidavit.

                                                                             Caden Hardin
                                                                             Special Agent
                                                                             Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me this 19TH day of April, 2024.

                                                                             Suzanne Mitchell
                                                                             United States Magistrate Judge

# ATTACHMENT A

## DESCRIPTION OF DEVICE

- Apple Iphone Gray/Blue in Color; IMEI 358677233111106







## ATTACHMENT B

### LIST OF ITEMS TO BE SEIZED

1. Any and all notes, documents, records, or correspondence, in digital format and medium pertaining to the violations described in the affidavit.

2. In any format and medium, all originals, computer files, copies, and negatives of child pornography as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

3. Any and all notes, documents, records, or correspondence, in digital format or medium identifying persons involved in violations described in the affidavit.

4. Any and all notes, documents, records, or correspondence, in digital format or medium concerning the violations described in the affidavit.

5. Any and all notes, documents, records, or correspondence, in digital format or medium concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to whose with an interest in child pornography.

6. Any and all notes, documents, records, or correspondence, in digital format or medium concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

7. Any and all records, documents, invoices and materials, in digital format or medium that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

8. Any and all visual depictions of minors engaging in sexually explicit conduct.

9. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records, in digital format or medium pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

10. Any information or records regarding minors with whom SUBJECT has had virtual or in-person contact in Oklahoma City.